**IIN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **II'SHA BRIDGES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 25-cv-02028-DWD** |
| | ) | |
| **KRAFT HEINZ COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Plaintiff Ii'sha Bridges and Defendant Kraft Heinz Foods Company seek to prevent the unauthorized disclosure of confidential, sensitive, or proprietary information or documents produced during the course of pre-trial discovery in the above-captioned action.

Now, therefore, it is hereby stipulated and agreed as follows:

1. As used in this Order, "CONFIDENTIAL Material" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside this litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or parties. For purposes of this Order, CONFIDENTIAL Material includes the following categories of information or documents: Financial information including, but not necessarily limited to, bank records, financial statements,

and tax returns; Personnel information of individuals who are not party to this lawsuit; Internal policies, operational information, complaints and investigations; Proprietary information and trade secrets; Medical records; and Records, documents, and information whose disclosure is restricted or prohibited by regulation, statute, or case law.

2. Any party to this litigation may designate any document which it reasonably believes to be confidential and which it produces during the course of pre-trial discovery in the above-captioned action as "CONFIDENTIAL," or a similar confidential designation subject to the provisions of this Stipulated Protective Order. It shall be necessary for the designating party to stamp, designate, or otherwise describe specific documents as CONFIDENTIAL Material in order for the documents to be afforded the protections set forth in this Stipulated Protective Order. The parties shall act in good faith in determining whether to mark a document CONFIDENTIAL.

3. All CONFIDENTIAL Material shall be used by the parties hereto, other than the party or parties by whom production of the particular material is first made, only for the prosecution or defense of claims made in connection with the above-captioned action. CONFIDENTIAL Material, or any portion or recitation thereof, shall not be given or communicated to anyone, except the following persons:

   a. The parties, the parties' counsel, and counsel's staff, including but not limited to paralegal and necessary clerical staff;

b. Witnesses, only to the extent the CONFIDENTIAL Material is reasonably related to their testimony in this litigation;

c. The parties' retained outside experts;

d. The Court and its personnel;

e. Third-party neutrals retained for alternative dispute resolution of this litigation;

f. Court reporters and/or videographers, and/or third-party document or other professional services, to the extent necessary relating to a deposition or potential trial materials;

g. Any other person entitled thereto as a matter of legal right or by reason of compulsion of legal process issued by any court of competent jurisdiction;

h. Other persons as designated by the Court or as agreed in writing by the parties hereto.

4. Any persons entitled to receive CONFIDENTIAL Material by virtue of Paragraph 3 shall first be advised of the existence and content of this Stipulated Protective Order and shall agree to be bound by the provisions thereof.

5. Each person referred to in subparagraphs 3(b), 3(c), 3(g), and 3(h) who has been shown or given access to CONFIDENTIAL Material, or information derived therefrom, shall sign an undertaking in the form attached as Exhibit A to this Order, stating that he or she has read a copy of this Order and agrees to be bound by its provisions. Signed undertakings shall be retained by counsel for the party who provides such material or information to such person and shall,

upon request for good cause, or for any other reason upon order of the Court, be provided to counsel for the opposing party.

6. Except as provided herein, this Stipulated Protective Order shall remain in effect after this litigation has been concluded by way of settlement, judgment, or otherwise, including the exhaustion of any and all appeals. No person, including the parties hereto, having received CONFIDENTIAL Material shall distribute or communicate that CONFIDENTIAL Material to anyone after the conclusion of the litigation. Nothing in this Stipulated Protective Order shall prohibit any party or parties who first produces CONFIDENTIAL Material, that was rightfully in its possession with any obligation of confidentiality prior to receiving it, from using or distributing that CONFIDENTIAL Material in other business matters unrelated to this litigation.

7. No party shall be obligated to challenge the propriety or status of any document as CONFIDENTIAL Material and a failure to make such a challenge shall not preclude a subsequent challenge to that status by any party. If a party does wish to challenge the propriety or status of any document as CONFIDENTIAL Material, that party shall first seek to resolve the dispute on an informal basis by meeting and conferring with the opposing party. If the parties are unable to reach a compromise after good-faith discussion, then they may raise the dispute with the Court, in accordance with Judge Dugan's requirements for discovery disputes.

8. Nothing contained in this Stipulated Protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her client in this matter and, in the course thereof, from generally referring to or relying upon his or her examination of CONFIDENTIAL Material.

9. Neither the provisions of this Stipulated Protective Order nor any disclosure by any party pursuant hereto shall constitute a waiver of any attorney-client, work product or joint defense/common interest privilege, including the protections afforded by the Federal Rules of Civil Procedure or by common law. The terms and provisions of this Stipulated Protective Order shall not be deemed or interpreted to require the disclosure or production by any party hereto of any documents or information otherwise subject to a valid claim of attorney-client, work product, or other privilege or protection against disclosure in discovery. In the event any party or person inadvertently or unintentionally produces or discloses any document or information protected by the attorney-client privilege, joint defense/common interest privilege, or any work product doctrine, including but not limited to the protections afforded by the Federal Rules of Civil Procedure or by common law, the party or person who receives such document or information shall, upon written request by the party or person who produced such document or information, immediately destroy or return it and all copies of it to the party or person who produced or disclosed such document or information.

10. Any party may seek a modification or termination of this Stipulated Protective Order by first attempting to obtain the consent of the other party to the proposed modification and, absent concurrence, upon application to the Court.
11. This Stipulated Protective Order shall not and does not constitute authority or authorization for any person not a party hereto to insist upon access to or inspection of any information or documents to which that person would not, in the absence of the entry of this Stipulated Protective Order, be otherwise entitled under law.
12. Use of CONFIDENTIAL Material at trial shall be governed as follows: (a) the parties may stipulate to the use of materials marked CONFIDENTIAL; or (b) in the absence of a stipulation, the parties will raise the use of CONFIDENTIAL Material in their pre-trial motions and the Court will rule on any disputes.
13. Within thirty (30) days of the conclusion of this action, including any appeals, all parties must destroy all CONFIDENTIAL Material in their possession or in the possession of their agents, including any copies thereof, that was received from the other party or any third party. Counsel for the parties, instead of destroying CONFIDENTIAL Material, may segregate all CONFIDENTIAL Material to a secure, confidential file, with the understanding that the terms of this Protective Order shall remain in place as to all such CONFIDENTIAL Material. Alternatively, counsel may destroy all CONFIDENTIAL Material received from the other party or any third party. A party or its counsel need not segregate or destroy CONFIDENTIAL Material the party produced itself,

if that CONFIDENTIAL Material was rightfully in the party's possession without any obligation of confidentiality prior to its production.

14. This Court shall have jurisdiction over the parties hereto with respect to any dispute concerning the enforcement or interpretation of this Stipulated Protective Order and the use of the Stipulated Protective Order.

15. The recipients shall act to minimize the number of persons to whom such CONFIDENTIAL Material is disclosed. The parties agree to cooperate fully and in good faith with each other in attempting to resolve any disputes that may arise as to the terms and effect of this Stipulated Protective Order or any CONFIDENTIAL designations made hereunder so that recourse of the Court may be kept to a minimum.

**SO ORDERED.**

DATED: October 8, 2026

DAVID W. DUGAN
United States District Judge